T.C. Summary Opinion 2006-135

UNITED STATES TAX COURT

JOHN JOE WILSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21585-04S.              Filed August 29, 2006.

John Joe Wilson, pro se.

<u>Michael D. Zima</u>, for respondent.

WELLS, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.  All subsequent section references are to
the Internal Revenue Code in effect for the year in issue, and

all Rule references are to the Tax Court Rules of Practice and
Procedure.

Respondent determined a deficiency in Federal income tax of
$4,475 and a section 6651(a)(1) addition to tax of $93.40 for
petitioner's 2003 taxable year.  The issues we must decide are:

1.   Whether petitioner is entitled to two dependency
exemptions for taxable year 2003 pursuant to section 151(c);

2.   whether petitioner may file as head of household for
taxable year 2003;

3.   whether petitioner is entitled to an earned income
credit for taxable year 2003 pursuant to section 32; and

4.   whether petitioner is liable for an addition to tax
pursuant to section 6651(a)(1) for failure to timely file his
2003 tax return.

## Background

Some of the facts and certain exhibits have been stipulated.
The parties' stipulations of fact are incorporated in this
opinion by reference and are found as facts in the instant case.
At the time of filing the petition in the instant case,
petitioner resided in Jacksonville, Florida.

In this opinion, our references to H.C. are to the
biological daughter of petitioner and Scherrlyn Denise Campbell
(Ms. Campbell).  Our references to D.C. are to another child of
Ms. Campbell, who is neither the biological nor adopted son of

petitioner.  Petitioner and Ms. Campbell have never been married and did not live together during the year in issue.  Under penalty of perjury, Ms. Campbell represented to the Jacksonville Housing Authority and the Jacksonville Department of Children and Families that H.C. and D.C. lived with her, enabling her to receive subsidized housing, food stamps, Medicaid, and Social Security benefits totaling approximately $1,635 per month.[1] In addition to those subsidized benefits, Ms. Campbell spent approximately $450 per month for utilities, rent, and food.

Ms. Campbell and Derrick Cross (Mr. Cross), who refers to himself as D.C.'s godfather, are friends.  Because Mr. Cross occasionally took D.C. shopping and to the movies, Ms. Campbell gave Mr. Cross D.C.'s Social Security number so that Mr. Cross could claim a dependency exemption under section 151 and an earned income credit under section 32 on his 1999 and 2000 tax returns.  Mr. Cross also claimed a dependency exemption and earned income credit, using D.C.'s Social Security number, on his 2003 tax return.

---

[1]Ms. Campbell's rent subsidy was $725 per month and she also received approximately $350 per month in food stamps.  The record shows that Ms. Campbell received, on behalf of H.C., approximately $560 per month in Social Security benefits.  The record does not disclose the amount of medicaid benefits received each month.

H.C. receives Social Security benefits because H.C. has a speech impairment and the children receive Medicaid benefits because H.C. suffers from asthma and D.C. suffers from chronic bronchitis.

Petitioner worked as a self-employed truck driver during 2003. During the typical workweek, petitioner made trips to cities in Georgia, Alabama, and South Florida to pick up loads and deliver them to the Port of Jacksonville. Petitioner generally began his work day at 6 in the morning and returned to Jacksonville at 5 or 6 in the afternoon the same day. Because of a miscommunication with his tax preparer, petitioner untimely filed his 2003 tax return on May 12, 2004, reporting $11,300 of net profit from his truck driving business. On his 2003 return, petitioner claimed head of household filing status, two section 151(c) dependency exemptions for H.C. and D.C., and a section 32 earned income credit based on H.C. and D.C..[2] Respondent determined that petitioner was not entitled to file as head of household, or to claim two dependency exemptions and the earned income credit, and that petitioner was liable for an addition to tax under section 6651(a)(1) for failure to timely file his 2003 tax return, and respondent sent petitioner a notice of deficiency. Petitioner timely petitioned this Court.

## Discussion

The Commissioner's determinations in the notice of deficiency generally are presumed correct, and the burden of

---

[2]Petitioner has conceded that D.C. is not a qualifying child for purposes of the earned income credit.

proving an error is on the taxpayer.[3] Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

Generally, a taxpayer is allowed an exemption for each dependent. Sec. 151(c). A dependent includes a son or daughter of the taxpayer who received over half of his or her support during the calendar year from the taxpayer. Sec. 152(a)(1). A dependent also includes an individual who received over half of his or her support during the calendar year from the taxpayer, whose principal place of abode was the same as the taxpayer's, and who was a member of the taxpayer's household. Sec. 152(a)(9). To prevail, the taxpayer must show through competent evidence: (1) The total support provided for the child or other individual, and (2) that the taxpayer provided half of such support. <u>Blanco v. Commissioner</u>, 56 T.C. 512, 514 (1971). In the instant case, petitioner has failed to make the requisite showing for D.C. Petitioner's testimony was vague and unreliable regarding the amount of support he provided the children. Petitioner testified: "I pay for their clothes, the schools, just about everything they need." Ms. Campbell testified that petitioner spent between $300 to $400 per month per child. We find this highly improbable, however, because petitioner only had $11,300 of income from his trucking business during 2003 out of

---

[3]Sec. 7491(a) does not apply in the instant case to shift the burden of proof to respondent because petitioner did not raise the issue and also did not comply with the substantiation and record keeping requirements of sec. 7491(a)(2).

which he had to pay for his own living expenses.[4]  The record also indicates that H.C. and D.C. receive significant support from government agencies and D.C. received some support from Mr. Cross.  Based on the record in the instant case, we conclude that petitioner alone did not provide over one half of D.C.'s support during 2003.  In addition, the record shows that D.C.'s principal place of abode was with Ms. Campbell and not with petitioner.  Accordingly, we hold that petitioner is not entitled to a dependency exemption for D.C. pursuant to section 152(a).

In the case of a child who receives over half of his or her support during the calendar year from his or her parents, who are divorced, separated, or who live apart during the last 6 months of the calendar year, the child is treated as receiving over half of his or her support from the parent having custody for the greater portion of the calendar year.  Sec. 152(e)(1).  The special support test in section 152(e)(1) applies to parents who were never married.  King v. Commissioner, 121 T.C. 245, 251 (2003).  A noncustodial parent may be entitled to a dependency exemption under section 151 if the noncustodial parent attaches to his or her tax return a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or similar written declaration, signed by the custodial parent, stating that the custodial parent will not claim the child as a dependent for

---

[4]Petitioner testified that each month he paid $520 for rent and $109 for cable television.

the calendar year.  Sec. 152(e)(2); <u>Miller v. Commissioner</u>, 114 T.C. 184 (2000).

Petitioner cannot claim a dependency exemption for D.C. under section 152(e)(1) because D.C. is not petitioner's child. See sec. 152(b)(2).  Even if we were to assume in the instant case that over half of H.C.'s support came from her parents, petitioner would still have to show that he had custody of H.C. for the greater portion of the year because there is no evidence that petitioner filed a Form 8332 or similar written declaration signed by Ms. Campbell stating that she would not claim H.C. as dependent.

In the instant case petitioner testified that he had custody of H.C. on weekends and during the summer but did not provide specific dates.  However, Ms. Campbell represented to the Jacksonville Housing Authority and the Jacksonville Department of Children and Families that H.C. and D.C. lived with her, enabling her to receive subsidized housing, food stamps, Medicaid, and Social Security benefits totaling approximately $1,635 per month. Ms. Campbell testified at trial, however, that H.C. lived with both her and petitioner but that H.C. spent most of the summer with petitioner.  Ms. Campbell further testified that she and petitioner's mother watched H.C. during the day while petitioner was working.  Petitioner did not call his mother as a witness. Given the vague, conflicting, and improbable evidence in the

instant case, we hold that petitioner has failed to prove that he had custody of H.C. for over half of 2003. <u>Caputi v. Commissioner</u>, T.C. Memo. 2004-283. Accordingly, we hold that petitioner is not entitled to a dependency exemption under section 152(e).

We do not need to discuss whether petitioner may file as head of household pursuant to section 2(b) or whether petitioner is entitled to a section 32 earned income credit for 2003 because those sections require the child to have the same principal place of abode as the taxpayer for more than one half of the taxable year.[5] See secs. 2(b)(1)(A), 32(c)(3).

Section 6651(a)(1) imposes an addition to tax for a failure to file an income tax return. A taxpayer may be relieved of the addition to tax, however, if he can demonstrate that the "failure is due to reasonable cause and not due to willful neglect". <u>Id.</u> Willful neglect means intentional failure or reckless indifference. <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985). Section 301.6651-1(c)(1), Proced. & Admin. Regs., provides that, if a taxpayer exercises ordinary business care and prudence and is nevertheless unable to file on time, then the delay is due to reasonable cause. Relying on an accountant or tax preparer to simply file a return on time is not reasonable cause. <u>United States v. Boyle</u>, <u>supra</u> at 252. The Commissioner has the burden

---

[5]Petitioner has conceded that D.C. is not a qualifying child for purposes of the earned income credit

to produce evidence that it is appropriate to impose a relevant penalty, addition to tax, or additional amount.  Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  The Commissioner, however, does not have the obligation to introduce evidence regarding reasonable cause.  Id. at 446-447.  In the instant case it is not disputed that petitioner did not file his 2003 tax return until May 12, 2004.  Petitioner simply failed to follow up with his return preparer to verify that his return had been timely filed.  Petitioner's mere reliance on his return preparer to timely file his return is not reasonable cause.  United States v. Boyle, supra at 252.  Accordingly, we hold petitioner is liable for the addition to tax pursuant to section 6651(a)(1).

To reflect the foregoing,

Decision will be entered for respondent.